**PLAGENZ, Plaintiff-Appellee, v. HARRIS, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22248. Decided October 29, 1951.

H. E. Elliott, Cleveland, for plaintiff-appellee.
Martin & Martin, Cleveland, for defendant-appellant.

(METCALF, J, of the 4th District sitting by designation in place of HURD, J.)

**OPINION**

By THE COURT:

The assignment of error in this appeal on questions of law is to the effect that the judgment entry appealed from is indefinite, uncertain and inconclusive.

While the notice of appeal is on behalf of defendant, Philip Harris, only, the case is briefed and argued on behalf of both this defendant and his wife, Lucille Harris.

It is urged that the entry should have set forth the specific interest that these defendants, or either of them, have in the proceeds of the sale.

An examination of the entry discloses that it provides for payment of costs, taxes, assessments, penalties and interest

and the mortgage lien against the property, out of the proceeds of the sale thereof, and orders that the balance be paid to the Clerk, subject to the further order of the Court, as to distribution. The entry sets out the full amount due to plaintiff.

Under the pleadings and findings of the trial court, there is nothing further it could have done, other than that for which the entry provides. These two defendants cannot complain under the state of the record at this time, relative to the distribution of the balance remaining after the payments set out above. It is not incumbent upon the plaintiff to have determined any interest these two defendants may or may not have in the proceeds.

Appellant further urges that there is a resulting trust in this case in favor of Lucille Harris, but the record is silent as to this contention.

Any right or rights, either of these defendants may have in the proceeds before distribution to plaintiff under his judgment lien, may still be adjudicated.

See: §11737 GC, and Glethill et al v. Walker, 143 Oh St 381, and cases cited therein.

The judgment is affirmed. Exceptions. Order see journal.

SKEEL, PJ, METCALF, J, THOMPSON, J, concur.